2011 UT App 114

**Kathleen W. FRISLIE, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

**No. 20110080–CA.**

Court of Appeals of Utah.

April 14, 2011.

Kathleen W. Frislie, Sandy, Petitioner Pro Se.

Amanda B. McPeck, Salt Lake City, for Respondent.

Before Judges DAVIS, McHUGH, and VOROS.

## DECISION

PER CURIAM:

¶ 1 Kathleen Frislie seeks judicial review of the Workforce Board of Appeals's (Board) January 20, 2011 decision. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 Frislie challenges the Board's decision by asserting that there was not substantial evidence to support a finding of fraud. An agency's findings of fact are accorded substantial deference and will not be overturned if based on substantial evidence, even if another conclusion from the evidence is permissible. *See Hurley v. Board of Review of Indus. Comm'n,* 767 P.2d 524, 526–27 (Utah 1988). This court will not disturb the Board's application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality. *See Johnson v. Department of Emp't Sec.,* 782 P.2d 965, 968 (Utah Ct.App.1989).

¶ 3 Claimants for unemployment benefits who file for benefits based on false information, and thus obtain benefits to which they are not entitled, are required to repay the amounts received. *See* Utah Code Ann. § 35A–4–405(5)(c). In addition to repaying the amounts received, the claimant must pay a civil penalty equal to the benefits obtained "by direct reason of his fraud." *Id.* § 35A–4–405(5)(c)(ii). The Board has no discretion to reduce or waive the fraud penalty once fraud is shown. *See id.; see also* Utah Admin. Code R994–406–403(1).

¶ 4 Under our rules, "[f]raud requires a willful misrepresentation or concealment of information for the purpose of obtaining unemployment benefits." Utah Admin. Code R994–406–401(2). In order to establish fraud, the Department must show materiality, knowledge, and willfulness. *See id.* R994–406–401(1). Materiality is established when a claimant makes a misrepresentation for the purpose of obtaining any benefit to which the claimant is not entitled. *See id.*

R994–406–401(1)(a). Knowledge is established when the claimant knew or should have known that the information submitted to the Department was incorrect, or that she failed to provide required information. *See id.* R994–406–401(1)(b). "Willfulness is established when the claimant files claims or other documents containing false statements, responses or deliberate omissions." *Id.* R994–406–401(1)(c). These elements establish fraud for the purposes of assessing the fraud penalty, and no specific intent to defraud is required. *See id.* R994–406–401(3).

¶ 5 An unemployed individual is eligible to receive benefits for any week if the division finds that the individual is able to work and is available for work during each and every week for which the individual made a claim for benefits. *See* Utah Code Ann. § 35A–4–403(1)(c) (2010). As a precursor to qualify for benefits, a claimant must be available for full-time work. *See* Utah Admin. Code R994–403–112c(1).

¶ 6 The Board had substantial evidence to support the finding of fraud. Frislie filed incorrect information stating that she was able and available for full-time work during the weeks at issue. Indeed, Frislie admitted at the hearing before the Administrative Law Judge that, although she was actively applying for jobs, she was not physically capable of performing the work that would be required if she were hired. Frislie failed to advise the Department of Workforce Services (Department) that she was not physically able to work full-time, and her misrepresentations resulted in receiving benefits to which she was not entitled. Accordingly, materiality was established.

¶ 7 Second, although Frislie asserts that she did not knowingly submit incorrect information, she was chargeable for the information in the Claimant Guide. The Claimant Guide provides that a claimant must be physically and mentally able to work full-time. The Claimant Guide notified Frislie that she was required to report whether she was physically and mentally able to work full-time. Frislie indicated that she did not have any condition that prevented her from accepting full-time work. The Board found substantial evidence that Frislie knew that she had several medical conditions that limited her ability to work, and that she was no longer capable of performing the work that she previously performed. Furthermore, Frislie should have known that she was required to advise the Department of her limitations by reviewing the information in the Claimant Guide. Thus, the Board correctly found that Frislie had knowledge of her false claim.

¶ 8 Finally, the Board found clear and convincing evidence that Frislie willfully failed to provide the Department with accurate information regarding her ability to work when reopening her claim. Willfulness was established by the filing of the claims containing false information. Thus, the record contains substantial evidence supporting each element of fraud.

¶ 9 Accordingly, the Board's January 20, 2011 decision is affirmed.