IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Russell Morris, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120698-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 20, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 361 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:      Russell Morris, Ivins, Petitioner Pro Se
                Amanda B. McPeck, Salt Lake City, for Respondent

-----

Before Judges Davis, McHugh, and Voros.

¶1      Russell Morris seeks judicial review of the Workforce Board of Appeals's (Board) July 20, 2012 decision. This matter is before the court on a sua sponte motion for summary disposition. We decline to disturb the Board's decision.

¶2      Morris challenges the Board's determination that he fraudulently obtained benefits to which he was not entitled. An agency's findings of fact are accorded substantial deference and will not be overturned if based on substantial evidence, even if another conclusion from the evidence is permissible. *See Hurley v. Board of Review of Indus. Comm'n*, 767 P.2d 524, 526 (Utah 1988). This court will not disturb the Board's application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality. *See Johnson v. Department of Emp't Sec.*, 782 P.2d 965, 968 (Utah Ct. App. 1989).

¶3     There is substantial evidence supporting the Board's determination that Morris fraudulently obtained benefits to which he was not entitled. The *Claimant Guide* provides that if a claimant works while claiming benefits, he or she must report all gross earnings for the week in which the work is performed, regardless of when the claimant is paid. Claimants are held to the information contained in the *Claimant Guide*. *See Frislie v. Department of Workforce Servs.*, 2011 UT App 114, ¶ 7, 256 P.3d 229.

¶4     "Fraud requires a wilful misrepresentation or concealment of information for the purpose of obtaining unemployment benefits." Utah Admin. Code R994-406-401(2). In order to establish fraud, the Department must show materiality, knowledge, and willfulness. *See id.* R994-406-401(1). Materiality is established when a claimant makes a misrepresentation for the purpose of obtaining any benefit to which the claimant is not entitled. *See id.* R994-406-401(1)(a). Knowledge is established when the claimant knew, or should have known, that the information submitted to the Department was incorrect, or that he failed to provide required information. *See id.* R994-406-401(1)(b). "Willfulness is established when the claimant files claims or other documents containing false statements, responses or deliberate omissions." *Id.* R994-406-401(1)(c). These elements establish fraud for the purposes of assessing a fraud penalty, and no specific intent to defraud is required. *See id.* R994-406-401(3).

¶5     Materiality was established because Morris failed to report working during the time period that he worked. Morris also reported his net earnings, instead of his gross earnings as instructed. Furthermore, Morris elected not to answer the Department's questions accurately, instead deciding to report his earnings when he felt that it was appropriate for him to do so. Morris was required to report all of his work and gross earnings for the week in which he worked, even if he had not yet been paid. There is substantial evidence that Morris made misrepresentations for the purpose of obtaining benefits to which he was not entitled.

¶6     With regard to the knowledge prong, the Board determined that Morris knew, or should have known, that the information he submitted to the Department was incorrect or that he failed to provide the information required by the Department. Based on the *Claimant Guide*, Morris knew, or should have known, that he needed to report his work when the work was performed. Morris did not comply with the Department's instructions. He also reported his net earnings despite clear instructions that he was required to report his gross earnings. There is substantial evidence supporting the Board's determination that the claimant knew, or should have known, that the information that he submitted to the Department was incorrect, or that he failed to provide required information.

¶7 The Board also determined that Morris demonstrated willfulness by filing claims containing false statements, responses, or deliberate omissions. Morris elected to answer the Department's questions inaccurately. By failing to report his work and earnings accurately, he received benefits to which he was not entitled. There is substantial evidence that Morris willfully filed claims containing false statements, responses or deliberate omissions. Thus, the Board correctly determined that the willfulness prong was established.

¶8 Morris next asserts that the Board erred in excluding his new evidence on appeal, including bank records that were not submitted to the Administrative Law Judge (ALJ). The Department's instructions for preparing for the hearing before the ALJ informed Morris that the hearing would be his only chance to present evidence that was relevant to his case. Morris was advised that further appeals would be limited solely to the evidence introduced at the hearing before the ALJ.

¶9 Absent a showing of unusual or extraordinary circumstances, the Board will not consider new evidence on appeal if the evidence was reasonably available and accessible at the time of the hearing before the ALJ. *See* Utah Admin. Code R994-508-305. Morris presented new evidence to the Board that was available at the time of the hearing before the ALJ. The Board determined that Morris did not offer any explanation as to why he did not provide the new evidence to the ALJ, nor did he assert that there were extenuating circumstances that would warrant accepting his new evidence on appeal. Morris fails to demonstrate that the Board erred by excluding his new evidence on appeal.

¶10 Accordingly, we decline to disturb the Board's July 20, 2012 decision.

_____
James Z. Davis, Judge


_____
Carolyn B. McHugh, Judge


_____
J. Frederic Voros Jr., Judge