2016 UT App 45

# THE UTAH COURT OF APPEALS

SHEILA G. WINKLER,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20150342-CA
Filed March 10, 2016

Original Proceeding in this Court

David J. Holdsworth, Attorney for Petitioner

Suzan Pixton, Attorney for Respondent

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
KATE A. TOOMEY.

PER CURIAM:

¶1　Sheila G. Winkler petitions for review of the Workforce Appeals Board's (the Board) decision determining that Winkler was not entitled to unemployment benefits and requiring her to pay back benefits she had previously received.

¶2　In *Carbon County v. Workforce Appeals Board*, 2013 UT 41, 308 P.3d 477, our supreme court set forth the standard for our review of the Board's decision concerning a person's request for unemployment benefits. *See id.* ¶ 7. Specifically, such a determination is reviewed as a mixed question of fact and law that is more fact-like because "this case 'does not lend itself to consistent resolution by a uniform body of appellate precedent.'" *Id.* (citation omitted). Accordingly, the Board's determinations are entitled to deference because "'the appellate court would be in an inferior position to review the "correctness" of the . . . decision.'" *Id.* (citation omitted). The Board's determination of

fault involves the same fact-like inquiry. Accordingly, the Board's determination that Winkler was at fault in obtaining benefits for which she did not qualify is entitled to deference.

¶3　Winkler does not argue that the Board erred in determining that she was not entitled to the benefits she received. Instead, she argues that the Board erred in determining that she was at fault for the overpayment and, accordingly, was required to pay back the benefits she inappropriately received. A claimant is at fault for an overpayment if the elements of materiality, control, and knowledge are established. *See* Utah Admin. Code R994-406-301(1). Materiality is established if the claimant received benefits to which she was not entitled. *See id.* R994-406-301(1)(a). Control is established if "[b]enefits were paid based on incorrect information or an absence of information which the claimant reasonably could have provided." *Id.* R994-406-301(1)(b). Finally, knowledge is established if "[t]he claimant had sufficient notice that the information might be reportable." *Id.* R994-406-301(1)(c). Additionally,

> [t]he claimant is responsible for providing all of the information requested by the Department regarding his or her Unemployment Insurance claim. If the claimant has any questions about his or her eligibility for unemployment benefits, or the Department's instructions, the claimant must ask the Department for clarification before certifying to eligibility. If the claimant fails to obtain clarification, he or she will be at fault in any resulting overpayment.

*Id.* R994-406-301(2).

¶4　The Board determined that all three of these elements had been met and that Winkler was therefore at fault for the overpayment. Winkler claims that there was no evidence of

control or knowledge. Evidence in the record supports the Board's findings and conclusions. In applying for benefits, Winkler was asked if she had "applied for" or was receiving retirement benefits. She answered "No," despite the fact that she had applied for retirement benefits. Thus, Winkler gave the Board incorrect information. Winkler should have known that such information was relevant and reportable.

¶5    The Claimant Guide, which Winkler received when she applied for benefits, specifically discusses issues relevant to Winkler's case. The Guide instructs claimants to contact the Department of Workforce Services if they apply for or start receiving retirement benefits. Further, the Guide states that if a claimant receives retroactive retirement benefits covering a period of time for which she was also receiving unemployment benefits, the claimant will be responsible for the overpayment. Winkler was "chargeable for the information in the Claimant Guide." *Frislie v. Department of Workforce Services*, 2011 UT App 114, ¶ 7, 256 P.3d 229 (per curiam). Moreover, if Winkler had any questions concerning her eligibility for unemployment benefits while she was awaiting retirement benefits she had a responsibility to ask the Department for clarification. *See* Utah Admin. Code R994-406-301(2). Thus, evidence supported the Board's decision that Winkler was at fault for the improperly paid unemployment benefits.

¶6    Finally, Winkler asserts that rather than requiring her to pay back the improperly received benefits, the Board should have ordered that the sum be deducted from any future benefits payable to her. *See* Utah Code Ann. § 35A-4-406(4)(b) (LexisNexis 2015) (stating that the Department may require a claimant to repay benefits or may order the sum to be deducted from future benefits payable to the claimant). Winker has not demonstrated that the Board erred in its interpretation of law or in any other way abused its considerable discretion in ordering

her to repay the improperly received benefits instead of ordering that such funds be deducted from future payments.

¶7      We decline to disturb the decision of the Board.

————————